```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**CHARLES A. CHAMBERS,**

                         **Petitioner,**

           **v.**                                          **CASE NO. 07-3136-SAC**

**STATE OF KANSAS,**

                         **Respondent.**

## O R D E R

Petitioner proceeds pro se and in forma pauperis in this action which has been liberally construed by the court as one seeking a writ of habeas corpus under 28 U.S.C. § 2241. Before the court is respondents' motion to dismiss the petition based on petitioner's failure to exhaust state court remedies, and petitioner's response thereto.

Absent exceptional circumstances, a federal court will not entertain claims of a habeas corpus petitioner until the petitioner has exhausted available state court remedies. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). *See also* 28 U.S.C. § 2254(b)(1)(an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances). An exception to this exhaustion requirement may be granted if state corrective process is not available, or if circumstances render such process ineffective to protect

petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). One of the circumstances rendering the state process ineffective is "inordinate delay." <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

In the present case, respondents documents that petitioner's claim regarding his entitlement to jail-time credit is currently pending in the Sedgwick County District Court in Case No. 06-CV-3239, and that the State's motion for a change of venue was granted December 7, 2006, without further action or a transfer of the case resulting. Respondents correctly note, however, that petitioner has not pursued available remedies within the state courts to address the lack of progress in this pending state case.

In response, petitioner cites several Kansas cases as involving various claims for jail-time credit that were decided against the State, and argues the State's motion to dismiss is barred by the doctrine of res judicata. The court disagrees. No facts or law support application of the doctrine of res judicata as petitioner contends. Although petitioner's pursuit of state court remedies might be excused if exhaustion appeared to be futile, petitioner makes no showing that the Kansas courts have *adversely* decided the *exact points* now raised by petitioner.

Petitioner further contends respondents erroneously represented the state court record because his Sedgwick County case has never been transferred to Cowley County, and ask for sanctions to be imposed against respondents.[1] The court finds no support in

---

[1] Petitioner thereafter filed a motion for summary judgment (Doc. 14), which the court denies. Petitioner cites a state civil

the record for this request.  Instead, it simply appears that no order reflecting the court's granting of the State's motion for change of venue has yet been entered in the Sedgwick County case.

Having reviewed the limited record, the court finds petitioner's state court action, which appears to be presently stalled in the process of changing venue of petitioner's action to another state district court, is insufficient to demonstrate that the state court remedies available to petitioner are "unavailable or ineffective under the circumstances," 28 U.S.C. § 2254(b)(1), or that petitioner's resort to such remedies would be futile.

The court thus concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 12) is granted, and that the petition is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3), and motion for summary judgment (Doc. 14), are denied as moot.

**IT IS SO ORDERED.**

---

rule, K.S.A. 60-208, as authority for his entitlement to judgment based on respondents' failure to object or rebut statements asserted in petitioner's response to respondents' motion to dismiss.
   A comparable federal rule applies to proceedings in federal court.  *See* Fed.R.Civ.P. 8(e).  Because petitioner's response to respondents' motion to dismiss required no responsive pleading, petitioner's reliance on this procedural rule is misplaced. *See* id. ("Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading. *Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.*")(emphasis added).

DATED: This 4th day of October 2007 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge